```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION


David Netherland,                   )
                                    )
              Petitioner,            )   Case No. C-1-00-427
                                    )
     vs.                            )
                                    )
Gary Mohr,                          )
                                    )
              Respondent.           )
```

O R D E R

This matter is before the Court on Magistrate Judge Sherman's Report and Recommendation of September 30, 2002 (Doc. No. 15) and Petitioner David Netherland's objections to the Report and Recommendation (Doc. No. 16).  For the reasons to follow, Petitioner's objections are not well-taken and are **OVERRULED**; the Court **ADOPTS** Magistrate Judge Sherman's Report and Recommendation; Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE**.

The Court will not reiterate here the factual and procedural background of this case because Magistrate Judge Sherman described it in detail in his excellent Report and Recommendation.  Suffice it to say that Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 which raised eleven assignments of error from his convictions on one count of rape, in violation of Ohio Rev. Code § 2907.02(A)(2) and two counts of sexual battery, in violation of Ohio Rev. Code § 2907.03(A)(5).  Petitioner's convictions arose out of a three

year period when he sexually abused a thirteen year old girl who was placed in his home as a foster child.

The Court has considered Petitioner's objections in accordance with the applicable de novo standard and arrives at the same conclusion as did the Magistrate judge in his thorough and well-reasoned Report and Recommendation.  See Fed. R. Civ. P. 72(b).  The Court, therefore, only highlights Petitioner's objections here.

Petitioner's first two objections argue that the trial court abridged his Sixth Amendment right of confrontation by refusing to permit trial counsel to cross-examine the victim regarding other false accusations of rape she made against other men.  The Magistrate Judge correctly found that this assignment of error is controlled by Boggs v. Collins, 226 F.3d 728 (6th Cir. 2000).  In Boggs, the Court held that the Sixth Amendment right of confrontation is only implicated when the defendant is prevented from eliciting testimony regarding the accuser's motive, bias, or prejudice.  Id. at 739-40.  A criminal defendant does not, however, have a Sixth Amendment right to cross-examine the victim regarding false accusations involving others because such questioning is only an attack on the witness' general credibility.  Id.  The Court held that "the Constitution does not require that a defendant be given the opportunity to wage a general attack on credibility by pointing to individual instances of past conduct."  Id. at 740.  Here, as demonstrated by Petitioner's own brief, his only purpose in seeking to cross-

examine the victim about prior false accusations of rape was to undermine her general credibility.  See Doc. No. 16, at 2 ("[S]uch evidence is admissible if it goes to the witness's character for truthfulness or untruthfulness.").  Petitioner, however, does not contend that such cross-examination would have revealed bias or prejudice on the part of the victim, or that it would have demonstrated a motive for making false accusations against him.  Nor does the Court understand how cross-examination regarding false accusations against other men would have been probative in establishing motive, bias, or prejudice on the part of the victim.  Therefore, the trial court did not deny Petitioner his Sixth Amendment right to confront witnesses in this case.

Petitioner's next two objections argue that the trial court erred by admitting "other acts" evidence regarding allegations and investigations into whether he had sexually abused other children.  There is, however, no clearly established Supreme Court precedent which forbids the states from allowing the introduction of prior acts evidence to show propensity to commit the crime charged.  Bugh v. Mitchell, 329 F.3d 496, 512-13 (6th Cir. 2003).  Therefore, this assignment of error is not a basis for granting habeas relief.  See id.

Petitioner also claims that the trial court erred because it allowed a social worker to vouch for the victim's credibility by testifying that her case was "typical" of sexual abuse cases.  The Court interprets this argument as a claim for

violation of due process.  This argument, however, is without merit.  The Ohio Court of Appeals found that the social worker's testimony was generalized enough to fit within the state rule of evidence which permits an expert to testify that the child's behavior is consistent behavior observed in sexually abused children.  See State v. Netherland, 724 N.E.2d 1182, 1186-87 (Ohio Ct. App. 1999).  This Court must give deference to the state court's finding of fact unless it is clearly erroneous.  West v. Seabold, 73 F.3d 81, 84 (6th Cir. 1996).  Upon review of the record, and for the reasons stated by the Magistrate Judge, the Court finds that this alleged error is not a constitutional violation because Petitioner failed to show that it affected the jury's verdict.

Petitioner next claims that he is entitled to habeas relief because the evidence was insufficient to establish the "force" element of rape under Ohio Rev. Code § 2901.01(A)(Baldwin's 1996).  Specifically, Petitioner contends that there was no evidence that he used physical force to overcome the victim.  The Court interprets this argument as a claim of a due process violation.  This argument is without merit.  Under Ohio law, the "force" element of § 2901.01(A) is satisfied when the defendant is a parent or guardian of a young child and uses psychological means to overcome the victim's will by fear or duress.  See State v. Eskridge, 526 N.E.2d 304, 306-07 (Ohio 1988).  Evidence presented at trial showed that the victim was vulnerable and had threatened suicide if she had to return to

4

live with her natural parents.  Petitioner, who was the victim's foster parent, preyed on the victim's fragile emotional state by telling her that if she did not submit to him and if she told anyone what had happened, she would have to return to live with her natural mother.  Tr. at 265-66.  This conduct clearly satisfies the force element under Ohio law.  Therefore, there was no due process violation regarding the sufficiency of the evidence.

Finally, Petitioner contends that the totality of the errors made by the trial court undermined the reliability of the jury's verdict.  Having found no constitutional violations in Petitioner's other assignments of error, however, this argument is without merit.

Accordingly, Petitioner's objections are **OVERRULED**.  The Court **ADOPTS** the Report and Recommendation in its entirety.  Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, is **DENIED** with prejudice.  The Court will not issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right that is remediable in this proceeding.  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  The Court hereby **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in good faith; therefore, the Court will not grant any request by Petitioner to proceed *in forma pauperis* on appeal.  See Fed. R. App. P. 24(a).  This action is **CLOSED**.

**IT IS SO ORDERED**

Date September 11, 2003                    /s Sandra S. Beckwith
                                                                Sandra S. Beckwith
                                        United States District Judge